[No. 18361.  Department Two.  March 19, 1924.]

TOM PLUMAS, *Respondent,* v. THE TOWN OF COSMOPOLIS,
*Appellant.*[1]

LICENSES (5)—MUNICIPAL CORPORATIONS (320, 325)—REGULATION
OF BUSINESS—DENIAL OF LICENSE—POWERS OF CITY.  A town has
implied inherent authority, and by Rem. Comp. Stat., § 9175, subdiv.
10, express authority to license for regulation and revenue soft
drink parlors; and thereunder may refuse a license to an applicant
of bad reputation.

Appeal from a judgment of the superior court for
Grays Harbor county, Sheeks, J., entered June 23,
1923, in favor of the plaintiff, upon sustaining a de-
murrer to the answer, in an action to compel the issu-
ance of a license to sell soft drinks.  Reversed.

*F. L. Morgan* and *J. E. Stewart,* for appellant.

MITCHELL. J.—Tom Plumas made an application
to the town of Cosmopolis for a license to sell soft
drinks.  Upon considering the application, the town
council refused it for reasons expressed in a resolution
to the effect that the applicant was not a person of
good moral character; that many persons had fre-
quently become intoxicated in the place of business
conducted by the applicant; that members of the town
council had personal knowledge that intoxicating
liquor had been sold on the premises; that his place of
business was fully equipped as a pool hall, card room
and gambling establishment, and that no effort had
been made to remove such appliances from the place,
and that the place was a notoriously disorderly house
and a detriment to the community.  He then brought
an action in the superior court to compel the issuance
of a license to him, and to prohibit in the meantime the

[1]Reported in 223 Pac. 1052.

enforcement against him of the provisions of an ordinance number 244 of the town of Cosmopolis, entitled:

"An ordinance regulating and licensing bowling alleys, pool and billiard halls and places of business where card playing and pool and billiard playing is carried on, and where soft drinks or liquid refreshments are sold, prohibiting gambling therein; prohibiting the sale of tobacco and cigarettes, cigarette papers or wrappers to minors and fixing penalty and repealing ordinances in conflict therewith."

It appears that, under the terms of the ordinance, a license is necessary to engage in the sale of soft drinks.

To the complaint an answer was filed which, after appropriate denials, alleged the adoption of the resolution on the refusal of the application for a license, and further alleged, in effect, that for some time the applicant had conducted at his place of business a pool hall, card room and gambling wherein liquor was regularly and frequently sold, that the application for a license to sell soft drinks was but a pretense and subterfuge, no change or pretense of change of the character of the place and its furnishing having been made; that the town council, upon personal inquiry and investigation, had found that the application was not made in good faith, but for the purpose and with the intent to continue the place as a resort for running a pool room, card tables and gambling, as well as the sale of intoxicating liquor, and for that reason refused to issue the license applied for. It was further alleged that plaintiff was not a person of good moral character; that he had been tried and convicted of selling intoxicating liquor at his place of business; that men became frequently intoxicated there; that members of the council had personal knowledge that intoxicating liquor had been sold on the premises, and that, if the

plaintiff were granted the license applied for, he would continue the place as theretofore and that it would constitute a notoriously disorderly house and a detriment to the community. A general demurrer to the allegations of the answer was sustained, and the town, refusing to plead further, has appealed from a judgment in favor of the plaintiff as prayed for in the complaint.

From the allegations of the answer it appears that the authorities of the town know the man they are dealing with and his purposes; and in the resolution refusing the license and in their other affirmative allegations they furnish an abundant statement of facts to justify the faith that is within them. The ordinance in question was enacted by the city shortly before the respondent applied for a license. By its terms it is regulatory rather than revenue bearing. Manifestly its primary purpose is to promote and maintain the peace, good order and welfare of the community. The existence and purposes of cities and towns, recognized by the constitution and statutes of this state, without any specific grant of power to them therefor, must and always do have the implied inherent power to protect their citizens from those practices that threaten and destroy the general welfare and peace of society. However, to dispel all question the legislature has provided, Rem. Comp. Stat., § 9175, subd. 10 [P. C. § 837], that the town shall have power "to license, for *regulation* and revenue all and every kind of business, etc.;" and in subd. 17:

"To make all such ordinances, by-laws, rules, regulations and resolutions not inconsistent with the Constitution and laws of the state of Washington, as may be deemed expedient to maintain the peace, good government and welfare of the town and its trade, commerce and manufactures, and to do and perform any

and all other acts and things necessary or proper to carry out the provisions of this chapter.''

It must be kept in mind that the town of Cosmopolis, acting in its legislative capacity, was dealing not alone with the subject of an application for a license to sell soft drinks, but there was connected with it the character of the applicant, which, by the resolution of the council and further charges in the answer, was declared and alleged to be known and proven to be bad, a violator of the law in the same place of business, and continuing in possession of the same appliances and facilities which had been used by him to make his place a notoriously disorderly house and a detriment to the welfare of the community. It is alleged that the license applied for was desired by him to enable him to practice the same kind of immoral and dishonest acts theretofore engaged in by him, prior to the date of the regulatory ordinance, when he was selling soft drinks in connection with his general business. The general demurrer admits these allegations, and if under such circumstances, together with the resolution referred to, the town council does not have the power to refuse a license to such an applicant for such a place of business, it would appear that the general welfare legislative power of the city, whether it exists by specific grant of power or inherently by necessary implication, is a useless and meaningless thing.

If the facts stated are true, and the demurrer admits them, it cannot be said that the town council acted arbitrarily, but in obedience to its power and duty in the protection of the peace and good order of the community.

Reversed with directions to overrule the demurrer to the answer.

MAIN, C. J., PEMBERTON, BRIDGES, and FULLERTON, JJ., concur.